OPINION
{¶ 1} Appellant Ralph E. Weaver appeals the decision of the Court of Common Pleas, Muskingum County, which granted summary judgment in favor of Defendants-Appellees Motorists Mutual Insurance Co. ("Motorists"), Mark A. Eppley, and Rankin Rankin, Inc. ("Rankin"), on appellant's action for negligence, breach of contract, and bad faith regarding claims made under his homeowner's insurance policy. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant maintained a homeowner's policy issued by Motorists, with a coverage period of September 17, 1997 to September 17, 1998. The policy specifically excluded coverage for damages caused by flooding and surface waters. The policy also contained a "concealment or fraud" clause as follows:
 {¶ 3} "2. Concealment or Fraud.
 {¶ 4} "a. Under Section 1 — Property Coverages, with respect to all `insureds' covered under this policy, we provide no coverage for loss under Section 1 — Property Coverages if, whether before or after a loss, one or more `insureds' have:
 {¶ 5} "(1) Intentionally concealed or misrepresented any material fact or circumstance;
 {¶ 6} "(2) Engaged in faudulent (sic) conduct; or
 {¶ 7} "(3) Made false statements; relating to this insurance.
 {¶ 8} Following a major thunderstorm on approximately June 27, 1998, appellant submitted damage claims pursuant to said policy on three occasions, as summarized below:
First Claim
 {¶ 9} Appellant, who was out of town during the June storm, returned home and discovered water damage to his basement. Motorists sent its adjuster, Russell Grudier, to inspect the damage on July 7, 1998. Following his investigation, appellant's water damage claim was denied. In addition, appellant contacted his insurance agent, Mark Eppley, during the time frame of Grudier's inspection in order to report lightning damage to electrical equipment and appliances, including the electric motor which operated his hot tub. Appellant later alleged that Eppley, an employee of Appellee Rankin, advised him to get repair estimates and thereafter discard the items. Grudier claimed that appellant made no mention of the damaged items during his home inspection. Appellant was also denied coverage for the electrical items after several attempts to submit claim forms to Motorists.
 Second Claim
 {¶ 10} Appellant also submitted a claim requesting coverage for a diamond ring he allegedly lost on July 8, 1998, while cleaning up the effects of the water damage. Motorists referred the claim to its Special Investigation Unit ("SIU") on July 20, 1998.
 Third Claim
 {¶ 11} The third claim appellant submitted to Motorists stemmed from an alleged home break-in and theft that occurred on approximately August 26, 1998.
 {¶ 12} Motorists thereafter cancelled appellant's policy on the basis of "claims frequency." In addition, appellant received notice from Motorists on December 2, 1998 that his policy was voided for violation of the aforesaid "concealment and fraud" provision, on the basis that appellant had misrepresented the damage to his hot tub water pump, which appellant later admitted, during deposition, had occurred in 1997, prior to the storm.
 {¶ 13} On July 8, 1999, appellant filed an action against appellees for breach of contract, bad faith, and negligence. In the negligence claim, appellant alleged that Rankin and its employee, Eppley, negligently advised him to discard his electrical equipment and caused a denial of coverage, resulting in damages in excess of $25,000. Both appellees filed a motion for summary judgment. On April 11, 2002, the trial court ruled in favor of Eppley and Rankin, finding that the claim regarding the disposition of the electrical items was immaterial due to the fact that Motorists declared the policy void, and that the issue of water backup was immaterial due to the fact that the damage was caused by surface water, as well as the fact that Motorists had voided the insurance policy. The trial court also granted Motorists' motion for summary judgment on the basis that the language of the policy permitted the company to void the policy if false statements are made by the insured. A final judgment entry in favor of both appellees was rendered on April 24, 2002. On May 23, 2002, appellant filed a notice of appeal, and herein raises the following sole Assignment of Error:
 {¶ 14} "I. THE JUDGE ERRED AS A MATTER OF LAW IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHERE ISSUES OF FACT REMAINED."
 I. {¶ 15} In his sole Assignment of Error, appellant contends that the trial court erred in granting summary judgment in favor of both appellees. We agree.
 {¶ 16} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56 which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 17} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing Dresher v. Burt (1996), 75 Ohio St.3d 280, 662 N.E.2d 264.
 {¶ 18} We will apply the aforesaid standard of review to appellant's arguments as to both appellees.
Motorists' Summary Judgment Motion
 {¶ 19} Appellant in essence argues that material issues existed concerning the issue of intentional misrepresentation on the "hot tub motor" portion of his claim, and whether the corresponding voiding of the policy by Motorists was simply pretextual as a means of eluding payment on the overall claims.
 {¶ 20} The trial court's decision of April 11, 2002, addressed the issue of misrepresentation as follows:
 {¶ 21} "The defendant Motorists Mutual voided the defendant's policy as of June 27, 1998, for misrepresentation of the claim made for that date. The plaintiff admitted that he included in that claim an electrical motor for his hot tub, which had been damaged and replaced about one year prior to the claim. The language of the policy permits the company to void the policy when the insured makes false statements. Here there is no doubt about the false statements therefore the defendant Motorists Mutual was within its rights under the policy to declare said policy void as of June 27, 1998."
 {¶ 22} Summary Judgment Decision at 1.
 {¶ 23} As the trial court duly noted, appellant had acknowledged that the hot tub motor had been damaged in 1997, prior to the effective date of the Motorists' home policy at issue. Appellant's deposition includes the following colloquy:
 {¶ 24} "Q. The hot tub pump that you made a claim for in connection with this storm damage in 1998, I think your testimony from your earlier statement is clear; but you are certain that this hot tub pump was not damaged in the summer of 1998; correct?
 {¶ 25} "A. I clarified that. It was damaged before that.
 {¶ 26} "Q. It was damaged in the summer of 1997?
 {¶ 27} "A. I believe that's right, yeah.
 {¶ 28} "Q. And you acknowledged then that when you submitted the claim form to Motorist (sic) that included the damage to the hot tub, it was a misstatement or a misrepresentation when you told Motorist (sic) that the damage occurred —
 {¶ 29} "[Objection by counsel for Mr. Weaver]
 {¶ 30} "Q. When you filled out the claim form that included mention of the hot tub pump, you told Motorist (sic) that the date of the loss was sometime in 1998, didn't you?
 {¶ 31} "A. Yes, sir.
 {¶ 32} "Q. And you acknowledge now that that is not true?
 {¶ 33} "A. That's correct."
 {¶ 34} Weaver Deposition at 124-125.
 {¶ 35} However, the trial court's decision was based on an earlier "concealment or fraud" provision that was subsequently deleted and replaced in the policy by the version quoted previously in our summary of facts. The earlier provision read as follows:
 {¶ 36} Concealment or Fraud. The entire policy will be void if, whether before or after a loss, an "insured" has:
 {¶ 37} "a. Intentionally concealed or misrepresented any material fact or circumstance;
 {¶ 38} "b. Engaged in fraudulent conduct; or
 {¶ 39} "c. Made false statements; relating to this insurance."
 {¶ 40} Thus, the revised "concealment or fraud" provision does not specifically authorize Motorists to "void" the entire policy by reason of fraud or false statements by the insured. Because the foundation for the trial court's decision was the erroneous application of the supplanted policy provision, we find the trial court erred in granting summary judgment in favor of Motorists.
Rankin Rankin's Summary Judgment Motion
 {¶ 41} Appellant contends that material issues of fact remain concerning his claim for water and electrical storm damage to his home, particularly as to whether the initial claim's denial was attributable to surface water exclusions or to a misunderstanding between agent and policy holder of the existence of sump-pump or sewer endorsements in the policy. Appellant likewise argues that material issues exist surrounding Eppley's alleged advice to discard the damaged electrical items.
 {¶ 42} The trial court held as follows in addressing these issues:
 {¶ 43} "In regards to the claims against the defendant Mark Eppley the court finds that whether Mr. Eppley told Mr. Weaver to dispose of the electronic items or not is immaterial since Motorists Mutual declared the policy void. On the issue of whether water backup insurance should have been provided this too is immaterial due to the fact that the water damage was caused by surface water which could only be covered by insurance provided by the National Flood Insurance Program, as well as the fact that Motorists Mutual voided the plaintiff's insurance policy." Summary Judgment Decision at 1.
 {¶ 44} The trial court thus again erred by applying the supplanted "concealment or fraud" provision in its analysis. Upon review of the record, we find merit in appellant's arguments pertaining to Rankin and its employee, Eppley. The trial court therefore erred in granting summary judgment in favor of said defendants.
 {¶ 45} Appellant's sole Assignment of Error is sustained.
 {¶ 46} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
By: Wise, J., Gwin, P.J., and Edwards, J., concur.
Topic: Home Insurance Policy